UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 11-70-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RONALD E. WEINLAND, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

The parties to this action have filed several motions *in limine* [Record Nos. 31, 32, 33, 34 and 35] which the Court has scheduled for hearing on May 30, 2012.[1] However, in light of the responses which have been received as of this date, the Court will proceed to address two of the motions that do not require presentation of proof or further argument.

**I.**

**A.    Defendant Weinland's Motion to Exclude the Use of Evidence of a Witness's Religious Beliefs or Opinions to Attack or Support a Witness's Credibility**

Defendant Robert Weinland has moved the Court to prohibit the use of evidence of a witness's religious beliefs or opinions to attack or support his or her credibility. [Record No. 32] In support, he cites Rule 610 of the Federal Rules of Evidence, *Tisdale v. Federal Express Corp.,*

---

[1] As a general rule, disposition of a motion *in limine* constitutes a preliminary opinion which allows the parties to better formulate their trial strategy. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). However, the Court is not bound by an *in limine* ruling and can change its determination during trial if sufficient facts develop to warrant the change. In fact, as the Supreme Court has held, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

-1-

415 F.3d 516, 536 (6th Cir. 2005), and *United States v. Sampol*, 636 F.2d 621, 666 (D.C. Cir. 1980). According to the defendant, an *in limine* rule is needed because, he contends, his religious beliefs and the religious beliefs of several members of his church (*i.e.*, the Church of God – Preparing for the Kingdom of God) who are expected to testify at trial may be viewed as being unconventional or unusual. Thus, he seeks to prevent impeachment at trial based on those beliefs.

In its response, the United States indicates that it is well-aware of the requirements of Federal Rule of Evidence 610 and does not intend to offer evidence of a witness's religious beliefs or opinions for purposes of impeachment. However, it states that it seeks to reserve the right to offer evidence of a witness's religious beliefs or opinions for the purpose of showing his or her interest or bias. It correctly points out that questioning a witness for such a purpose is neither prohibited by Rule 610 nor relevant case authority. *See* Fed. R. Evid. 610 advisory committee note; *United States v. Teicher*, 987 F.2d 112, 118 (2d Cir. 1993) (citing *United States v. Hoffman*, 806 F.2d 703, 708 (1986)).[2]

Based on the authorities provided by the parties, the Court will grant the relief sought by the defendant's motion. However, the Court's ruling is limited and will be applied equally to both the United States and the Defendant.

### B. Defendant Weinland's Motion Concerning the Trial Testimony of Lay Witnesses

---

[2] The United States also states that it would be allowed to impeach a witness based on his or her religious beliefs or opinions if the witness offered evidence of religious beliefs or opinions to support his or credibility. While the government's assertion on this point is correct, the parties are advised that Rule 610 would also prevent the defendant from seeking to bolster a witness's credibility based on religious beliefs and/or opinions.

Defendant Weinland has also moved the Court *in limine* to bar lay witnesses from offering testimony about financial transactions and other matters concerning the Church of God – Preparing for the Kingdom of God. [Record No. 33] According to Weinland, the United States has indicated that it intends to call during trial certain church members and other lay witnesses to identify: (i) expenditures made by the defendant and other members of his family and (ii) reimbursements made by the church to the defendant. He contends that lay witnesses cannot determine whether a specific transaction is either church or personal. Further, he asserts that the relevant determination to be made is a legal one, based on sections of the Internal Revenue Code and related Treasury regulations. Thus, Weinland argues that such testimony should be excluded under Rules 602 and 701 of the Federal Rules of Evidence.

However, as the United States points out in its response [Record No. 41], the motion is not ripe for review. At this point, the defendant does not know which witnesses the United States intends to call to testify about the church's financial transactions. Likewise, he is unaware of the grounds upon which a particular witness will base his or her testimony. The government also represents in its response that it does not intend to offer testimony through a particular witness if the witness has not made observations or does not have first-hand knowledge of an event or transaction. Likewise, it does not intend for the subject witnesses to base their testimony regarding church transactions on "legal determinations." [*Id.* at p. 2]

Having considered the parties' respective positions, the Court believes that there is no basis for this *in limine* ruling sought by the defendant. Instead, it appears that the evidence to be solicited from the lay witnesses to be called by the government during trial and who are the

subject of the defendant's motion [Record No. 33] will be based upon their observations and first-hand knowledge.

**II.**

Based on the foregoing analysis, it is hereby **ORDERED** as follows:

1. Defendant Ronald Weinland's motion *in limine* regarding the use of evidence of a witness's religious beliefs or opinions to attack or support a witness's credibility [Record No. 32] is **GRANTED**. Subject to further Orders, both the United States and the defendant shall be prohibited at trial from offering or soliciting testimony concerning a witness's religious beliefs or opinions for purposes of attacking or supporting the witness's credibility. The Court's ruling on this issue does not prevent inquiry concerning a witness's religious beliefs or opinions for other permissible purposes, such as showing interest or bias.

2. Defendant Ronald Weinland's motion *in limine* regarding trial testimony of lay witnesses [Record No. 33] is **DENIED**.

This 25th day of May, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge